85 F.3d 589
 18 ITRD 1360
 HOSIDEN CORPORATION, Hitachi, Ltd., Matsushita Electric
Industrial Corporation, Apple Computer, Inc., International
Business Machines Corporation, COMPAQ Computer Corporation,
Tandy Corporation, Plaintiffs,
and
Sharp Corporation, Plaintiff-Appellee,
v.
ADVANCED DISPLAY MANUFACTURERS OF AMERICA, Defendant-Appellant,
and
Planar Systems, Inc., Plasmaco, Inc., OIS Optical Imaging
Systems, Inc., Cherry Display Products
Corporation, Electro-Plasma, Inc.,
Photonics Technology, Inc.,
and Magnascreen
Corporation,
Defendants,
and
Texas Instruments, Incorporated, Defendant,
v.
The UNITED STATES, Defendant-Appellant.
 Nos. 94-1490, 95-1027.
 United States Court of Appeals,
Federal Circuit.
 May 31, 1996.
 
 Paul C. Rosenthal, Collier, Shannon, Rill & Scott, Washington, DC, argued for Advanced Display Manufacturers of America, defendant-appellant. With him on the brief was Robin H. Gilbert.
 Shalom Brilliant, Senior Trial Counsel, Commercial Litigation Branch, Washington, DC, argued for United States, defendant-appellant. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Barbara C. Potter, Attorney-Advisor, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, Washington, DC, of counsel were Berniece A. Brown, and Stephen J. Powell, Office of Chief Counsel, for Import Administration.
 Christopher P. Johnson, Donovan, Leisure, Newton & Irvine, New York City, argued for plaintiff-appellee. With him on the brief were Peter J. Gartland, David S. Versfelt, and Fusae Nara.
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 The Advanced Display Manufacturers of America (ADMA) and the United States appeal the Order of the Court of International Trade[1] granting a writ of mandamus to implement the court's decision in Hosiden Corp. v. United States, 852 F.Supp. 1050 (Ct. Int'l Trade 1994). In that decision the court had ordered Commerce, through the International Trade Administration, to revoke the previously imposed antidumping duty order within ten days of the court's decision, to refund cash deposits, and to terminate administrative reviews. Commerce then published a "Notice of court decision" announcing that "[i]f the case is not appealed, or is affirmed on appeal, then the antidumping duty orders on EL FPDs will be revoked." Electroluminescent High Information Content Flat Panel Displays and Display Glass Therefor From Japan, 59 Fed.Reg. 23,690 (May 6, 1994). The Notice provided that liquidation would continue to be suspended until the time for appeal expired or the Federal Circuit decided the appeal. Id.
 
 
 2
 Appeal of the underlying decision was timely taken to the Federal Circuit. Meanwhile Sharp Corporation sought from the Court of International Trade a writ of mandamus, requiring Commerce immediately to revoke the antidumping duty order and end the suspension of liquidation. The Court of International Trade granted the writ, and Commerce complied with the court's order. Electroluminescent High Information Content Flat Panel Displays (EL FPDs) and Display Glass Therefor From Japan, 59 Fed.Reg. 43,809 (Aug. 25, 1994). ADMA and the United States appeal, arguing that by statute such action shall not be taken until the issuance of a "final decision," defined as the decision upon appeal to the Court of Appeals for the Federal Circuit when such appeal is taken.
 
 DISCUSSION
 
 3
 In accordance with 19 U.S.C. § 1516a(e), entries of merchandise for which liquidation has been suspended by court order remain subject to suspension of liquidation until there is a "final court decision in the action":
 
 
 4
 § 1516a(e) Liquidation in accordance with final decision
 
 
 5
 If the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit--
 
 
 6
 ...
 
 
 7
 (2) entries, the liquidation of which was enjoined under subsection (c)(2) of this section, shall be liquidated in accordance with the final court decision in the action. Such notice of the court decision shall be published within ten days from the date of the issuance of the court decision.
 
 
 8
 A decision of the Court of International Trade that has been appealed "is not a 'final court decision' within the plain meaning of § 1516a(e)." Timken Co. v. United States, 893 F.2d 337, 339 (Fed.Cir.1990); see also Smith Corona Corp. v. United States, 915 F.2d 683, 688 (Fed.Cir.1990) ("Suspension of liquidation continues until a 'conclusive' court decision is reached, i.e., a decision that is not subject to further appeal or collateral attack."); NTN Bearing Corp. v. United States, 892 F.2d 1004, 1006 (Fed.Cir.1989) ("return of final duties must await a final court decision and liquidation by the agency in accordance with that decision"); Melamine Chems., Inc. v. United States, 732 F.2d 924, 934 (Fed.Cir.1984) ("administrative handling of the involved entries of melamine from the Netherlands can be affected only by (1) a preliminary injunction pursuant to 19 U.S.C. § 1516a(c)(2), or (2) a final court decision adjudicating the legality, vel non, of the challenged determination. 19 U.S.C. § 1516a(e)") (emphasis in original, footnote omitted).
 
 
 9
 Statute and precedent are clear that the decision of the Court of International Trade is not a "final court decision" when appeal has been taken to the Federal Circuit. The Court of International Trade does not have discretion to require liquidation before the final decision on appeal. 19 U.S.C. § 1516a(e) requires that liquidation, once enjoined, remains suspended until there is a "conclusive court decision which decides the matter, so that subsequent entries can be liquidated in accordance with that conclusive decision." Timken, 893 F.2d at 342.
 
 
 10
 The Court of International Trade cited 19 C.F.R. § 353.20(d), which requires Commerce or the Commission to terminate an antidumping investigation when either Commerce or the Commission makes a final negative determination in an investigation. Sharp argues that the Commission's negative injury determination on remand from the Court of International Trade is of similar effect, and required termination of the investigation without further proceedings. Indeed, that rule applies when the matter has not reached the court, but remains in the administrative process. However, in this case an antidumping order and injunction had been imposed, the matter was reviewed by the Court of International Trade, was returned to that court after remand, and was appealed to the Federal Circuit.
 
 
 11
 The Court of International Trade's order upon writ of mandamus is contrary to law, and is vacated.
 
 
 12
 WRIT VACATED.
 
 
 
 [1]
 Hosiden Corp. v. United States, 861 F.Supp. 115 (Ct. Int'l Trade 1994) (Order)